UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

VICTOR EARL THOMPSON,

    Plaintiff,

    v.                                        CAUSE NO.: 1:19-CV-294-WCL-SLC

SCOTT HUNT,

    Defendant.

## OPINION AND ORDER

Victor Earl Thompson, a prisoner without a lawyer, filed a complaint against a prosecuting attorney. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Thompson is a State criminal defendant. Scott Hunt is a deputy prosecuting attorney. As a part of his criminal proceeding, Thompson alleges Hunt allowed the mother of a witness to be present during her deposition. Thompson alleges this was improper. Thompson also alleges Hunt will not dismiss the charges nor offer him a favorable plea deal. Finally he alleges Hunt will withdraw the current plea offer if he

tries to depose the witness another time. Thompson asks for monetary damages and to have the State criminal charges dismissed.

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Though it is possible to have State criminal charges dismissed in a habeas corpus case, "[o]rdinarily the attempt of a state prisoner to obtain federal habeas corpus relief in advance of his state criminal trial [is] completely hopeless." *United States ex rel. Stevens v. Circuit Court of Milwaukee County*, 675 F.2d 946, 947 (7th Cir. 1982). Nevertheless, because this is not a habeas corpus case, dismissal of the State criminal charges is not possible.

As for monetary damages, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (quotation marks and citation omitted)). Here, Hunt was acting within his role as a prosecutor in presenting the State's case when he deposed the witness, decided not to dismiss the charges nor offer Thompson a better plea deal, and conditioned the current plea offer on whether the witness was deposed another time. Therefore prosecutorial immunity precludes a claim for monetary damages against Scott Hunt.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722

2

F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the defendant has prosecutorial immunity.

SO ORDERED on July 22, 2019.

s/William C. Lee<br>
JUDGE WILLIAM C. LEE<br>
UNITED STATES DISTRICT COURT